UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIE ANN TACKETT,

        Plaintiff,
v.                            Case No.  8:07-cv-2141-T-33TBM

FRYER CREEK TRUCKING
COMPANY, INC.,

        Defendant.
_____/

**<u>ORDER</u>**

This matter comes before the Court upon consideration of Defendant's Motion for Summary Judgment (Doc. # 12), filed on July 30, 2008.  Plaintiff filed her response (Doc. # 15) on August 8, 2008.  For the reasons set forth below, Defendant's motion is due to be denied.

**I.    Background**

This case arises from an accident that occurred on or about June 3, 2005, wherein Plaintiff Julie Ann Tackett fell off a lift at the back of a freight truck while unloading furniture.  Plaintiff was working as an employee of Big Lots at the time of the incident, unloading furniture from the end of a tractor-trailer owned by Defendant Fryer Creek Trucking Co.  (Doc. # 1 at ¶ 5.)

The following facts are undisputed. The driver of the freight truck was an employee of Defendant and was working within the scope of his employment at the time of the incident. Upon arrival at the Big Lots location, the driver opened the rear door of the truck and backed the truck up to a small loading platform ("the lift"), and pushed the furniture boxes to the rear of the truck so that Plaintiff and two other Big Lots employees could unload it onto a hand cart. (Doc. ## 12 at 2; 15 at 1-2.) After the last box was pushed to the rear of the trailer and moved onto the lift by the Big Lots employees, the driver jumped to the ground, walked to the front of the truck and got into the cab in preparation to move the truck forward so that he could close its rear door. (Id.) The rearview mirrors do not enable the driver to see anyone directly behind the truck when he is seated in the cab. (Doc. ## 12 at 7; 15 at 2.) In an effort to gain leverage to push the last box onto the hand cart, Plaintiff was leaning against the back of the truck when the driver started the truck and pulled it forward. (Doc. ## 12 at 2-3; 15 at 2.)

According to Plaintiff, as the truck started moving and she began to fall from the lift, she reached out and grabbed the handrail on the lift, swung herself back onto the lift, and fell onto the boxes. (Doc. # 15 at 2.) Plaintiff asserts

that as a result of this incident, she suffered serious neck and back injuries. (Id.)

Plaintiff filed her two-count complaint (Doc. # 1) on November 21, 2007, asserting that Defendant is liable for her injuries under theories of permissive use and/or respondeat superior. Plaintiff seeks past and future damages plus costs.

Defendant now moves for summary judgment, asserting that Defendant owed no legal duty to Plaintiff because there was no special relationship between the driver and Plaintiff. (Doc. # 12 at 6.) In addition, Defendant contends that the driver lacked actual or constructive knowledge that his actions were likely to result in injury to another. (Id. at 6-7.) Alternatively, Defendant argues that, if a duty was owed to Plaintiff, it was not breached because Plaintiff was the "sole proximate cause" of her injuries. (Id. at 7-9.) The Court will address each of these arguments in turn.

## II. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to

defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  <u>Mize v. Jefferson City Bd. of Educ.</u>, 93 F.3d 739, 742 (11th Cir. 1996) (citing <u>Hairston v. Gainesville Sun Publ'g Co.</u>, 9 F.3d 913, 918 (11th Cir. 1993)).  A fact is material if it may affect the outcome of the suit under the governing law.  <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997).  The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  <u>Hickson Corp. v. N. Crossarm Co.</u>, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).  "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial."  <u>Jeffery v. Sarasota White Sox, Inc.</u>, 64 F.3d 590, 593-94 (11th Cir. 1995) (citing <u>Celotex</u>, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

**III. Analysis**

As the accident at issue occurred in Florida, Florida tort law applies. To prevail on a negligence claim, Florida law requires Plaintiff to prove four elements: (1) Defendant owed a legal duty to Plaintiff; (2) Defendant breached that duty; (3) Defendant's breach was the actual and proximate cause of injury to Plaintiff; and (4) actual damages resulted

from that injury. Zivojinovich v. Barner, 525 F.3d 1059, 1067 (11th Cir. 2008) (citing Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003)). Defendant challenges both the existence of a legal duty and, if such a duty exists, that Defendant breached that duty.

"It is clearly established that one who undertakes to act, even when under no obligation to do so, thereby becomes obligated to act with reasonable care." Union Park Mem'l Chapel v. Hutt, 670 So. 2d 64, 66-67 (Fla. 1996). If the act is one that if not accomplished with due care might increase the risk of harm to others, a duty of reasonable care arises because the act thereby "creates a foreseeable zone of risk." Id. at 67 (quoting McCain v. Fla. Power Corp., 593 So. 2d 500, 503 (Fla. 1992)). Where a "foreseeable zone of risk" is created by a defendant's conduct, the defendant generally has a duty to "either lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk imposes." McCain, 593 So. 2d at 503.

The existence of a legal duty is a question of law for the court to decide. Id. "[T]rial and appellate courts cannot find a lack of duty if a foreseeable zone of risk more likely than not was created by the defendant." Id. In this case, the Court finds that without question a foreseeable zone of risk was created when Defendant's driver acted to move the

truck when individuals were working in the vicinity and the driver was unable to see anything directly behind the truck. A large tractor-trailer creates a zone of risk whenever it is operated in areas where workers are foreseeably in close proximity to it.

Defendant's argument that no duty was owed to Plaintiff because Defendant's driver did not have the right or ability to control Plaintiff's conduct is misplaced. The principle of law cited by Defendant is an exception to the general rule that a defendant has no duty to control the actions of a third party to prevent him or her from causing physical harm to another. Lott v. Goodkind, 867 So. 2d 407, 408 (Fla. 3d DCA 2003) (discussing application of Restatement (Second) of Torts § 319). The exception allows a defendant to be held liable for a third person's negligent conduct if there exists a special relationship between the defendant and the third party such that the defendant has the right and ability to control the third party's conduct. See Id. at 408-09. (applying this principle and declining to hold a parent liable for injury caused by her emancipated son's conduct). This exception to liability is not predicated on the Defendant's having a special relationship with the victim.

Properly applied in this case, then, the principle allows Defendant to be held liable only if it had a special

relationship with the third-party truck driver such that it could control his conduct. Clearly, such a relationship exists between an employer and its employee.

Defendant's second argument focuses not on the broader zone of risk that Defendant created but on the concept of foreseeability as it applies to the narrower factual issue of proximate causation. Harm is considered proximate if a reasonably prudent person would "expect that similar harm is likely to be substantially caused by the specific act or omission in question." Id. Defendant argues that no liability can be imposed because Defendant's driver did not have "actual or constructive knowledge that the Plaintiff would be injured by his actions." (Doc. # 12 at 6.) Defendant asserts that the driver could not have anticipated that the injury to Plaintiff would occur because all of the furniture had been removed from the back of the truck, no one was behind the truck when he returned to the cab, and he was unable to see Plaintiff in his rearview mirrors. (Id. at 6-7.)

As an initial matter, it is immaterial whether "[D]efendant could foresee the precise manner in which the injury occurred or its exact extent. (Id.) (emphasis in original) (citing Restatement (Second) of Torts § 435(1) (1965)). Further, the question of whether there is sufficient

evidence to show that a defendant knew or should have known that a similar injury was substantially likely to occur under the factual circumstances of the case is generally for the jury to decide. Id. Although the Court may take the question from the jury if the specific injury was "highly extraordinary" in light of the actor's negligent conduct, it cannot do so when "reasonable persons could differ as to whether the facts establish . . . [that] the specific injury was genuinely foreseeable or merely an improbable freak . . . ." Id. at 503-04 (emphasis omitted) (citing Restatement (Second) of Torts § 435(1)).

Here, there is a genuine issue of material fact as to the issue of proximate causation. Plaintiff has testified in her deposition that Defendant's driver saw her leaning against the trailer when he jumped down from the truck. (Doc. # 16 at 56:18-24.) She further testified that the driver knew that there was still furniture on the platform and that employees were still handling the furniture when he returned to the cab of the truck. (Id. at 55:17-57:14.) In addition, Plaintiff offers testimony from the other Big Lots employees present at the time of the accident swearing that the driver did not warn them that he was going to pull the tractor-trailer forward. (Doc. ## 17 at 46:14-19; 18 at 43:15-17.) Based on these asserted facts, summary judgment on this issue must be denied.

Defendant also argues that it has no liability because Plaintiff's own negligence was the sole proximate cause of her injuries. As stated above, proximate cause questions are generally resolved by a jury based on all the facts and circumstances presented. Sawyer v. Allied Int'l Holdings, Inc., 707 So. 2d 761, 763 (Fla. 2d DCA 1998) (citing Helman v. Seaboard Coast Line R.R. Co., 349 So. 2d 1187, 1189 (Fla. 1977)). "Unless a movant can show unequivocally that there was no negligence, or that plaintiff's negligence was the sole proximate cause of the injury, courts will not be disposed to granting a summary judgment in his favor." Wills v. Sears, Roebuck & Co., 351 So. 2d 29, 31 (Fla. 1977).

The record reflects numerous material issues of fact going to causation. For instance, Defendant asserts that no one was behind the truck when the driver walked back to the cab, that Plaintiff would have been warned of imminent movement by the sound of the truck's air brakes being released, and that Plaintiff had ample time to move away from the truck before it started to move. (Doc. ## 12 at 8; 17 at 33:17-34:18.) Plaintiff, on the other hand, testified that the driver saw all three Big Lots employees on the lift when he returned to the truck, that she never heard the sound of the brakes being released, and that there was not enough time for her to move away from the truck between the time she heard

the engine start and the truck started to move. (Doc. # 16 at 52:19-21, 54:17-57:14, 59:3-8.)

Resolving all doubts and inferences against Defendant, the Court finds that genuine issues of material fact as to whether Plaintiff's injury was foreseeable under the circumstances and whether Plaintiff's own negligence, if any, contributed to Plaintiff's injuries preclude summary judgment for Defendant.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion for Summary Judgment (Doc. # 12) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of January, 2009.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record