UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIE ANN TACKETT,

    Plaintiff,

v.                       CASE NO:  8:07-cv-2141-T-33TBM

FRYER CREEK TRUCKING
COMPANY,

    Defendant.
_____/

**<u>ORDER</u>**

This cause comes before the Court pursuant to Defendant's Motion for Costs and Attorneys' Fees (Doc. # 98). Plaintiff filed a Response thereto (Doc. # 99), and Defendant filed a Reply (Doc. # 100), which amended the amount of its costs in response to some of Plaintiff's objections.

The only remaining costs still being claimed by Defendant to which there is an objection by Plaintiff is the expert witness fee for pre-trial conference with Dr. G.E. Vega in the amount of $130.00 and the trial appearance fee for Dr. G.E. Vega in the amount of $845.00. Plaintiff argues that these amounts are not taxable pursuant to 28 U.S.C. § 1981 or 28 U.S.C. § 1920. Defendant, however, asserts that these costs are taxable pursuant to Florida Statute § 768.79 regarding an offer of judgment.

The federal offer of judgment rule does not preempt the Florida statute providing for award of costs and attorney fees in connection with offers of judgment, demands for judgment and offers of settlement, as the two provisions are not in direct collision. <u>Menchise v. Akermann Senterfitt</u>, 532 F.3d 1146, 1152-53 (11th Cir. 2008). Accordingly, this Court finds that the expert witness fees requested by Defendant are recoverable pursuant to Florida Statute § 768.79. See <u>Stofman v. World Marine Underwriters, Inc.</u>, 729 So.2d 959 (Fla. 4th DCA 1999)(trial court's award of expert fees pursuant to unsuccessful § 768.79 offer of judgment affirmed).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion for Costs and Attorneys' Fees (Doc. # 98) is **GRANTED** as follows: attorney's fees are awarded in the amount of $22,712.00[1] and costs in the amount of $4,106.23. The Court notes that the Bill of Costs (Doc. # 100, Exh. 2) incorrectly lists the fees for witnesses as $1,070.00 instead of $1,085.00 as reflected on the witness fees form attached

---

[1] The billable hours attached to the affidavit submitted by counsel supports the amount of $247.00 for paralegal work (3.8 hours x $65.00), not the $286.00 requested in the affidavit (Doc. # 98, Exh. 2 at ¶4(a)). The Court has adjusted the amount awarded accordingly.

2

thereto.  As such the Bill of Costs lists two inconsistent amounts, i.e., the "total" line under the first section of the Bill of Costs is $4,091.23 and does not match the amount under the last section of the Bill of Costs, $4,106.23.  Defendant is directed to submit a corrected Bill of Costs reflecting the amount awarded of $4,106.23, and the Clerk is directed to enter the corrected Bill of Costs upon receipt.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>11th</u> day of April, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record